## WALKER v. LAHMAN.

No. 21286. Opinion Filed Sept. 13, 1932.

Ellis A. Robinson and Quincy J. Jones, for plaintiff in error.

Ford & Montgomery, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review and reverse the action of the district court of Tulsa county in awarding to the defendant in error, Marion S. Lahman, a judgment based on a unanimous verdict of the jury, fixing the amount of her damage at $8,100 for personal injuries arising from an accident at a street crossing in the city of Tulsa, occasioned by an automobile collision. There were several defendants to start with, but judgment was finally rendered against the plaintiff in error, Herbert Walker, who had taken the car and was using it for his own purposes at the time of the accident, and was in the car, which was being driven by a man by the name of Brown, against whom judgment was also rendered.

The case took the usual course of damage suits, by demurrer to the petition and demurrer to the evidence and motion for an instructed verdict, but the unusual feature was that the defendants below offered no excuse for the conduct at the time of the accident. Various exceptions were taken during the progress of the trial to the admission of the evidence, and also there was some exception to the instructions to the jury, but those instructions were as favorable to the defendants below, one of whom is the plaintiff in error, as they had a right to demand or expect.

The only proposition of law urged here is, as found on page 10 of the brief of the plaintiff in error, that the evidence was not sufficient to sustain a judgment against the plaintiff in error, Herbert Walker. Several cases are cited upon the proposition of the ownership of the car and the agency of the driver, but in the present case it appears that Walker had taken charge of the car that belonged to a man by the name of Supernaw at Skiatook, and on the next day he was in the car riding at a very reckless rate of speed, which was being driven by a man by the name of Brown, and that as a result of that reckless speed, and a failure to regard the ordinary traffic rules in force in the city of Tulsa, as well as by reason of running at a dangerous speed under the circumstances, the accident occurred. The fixing of the amount of the recovery was peculiarly within the province of the jury, and the amount recovered was not excessive, considering the injuries received, and the negligence of the plaintiff in error was clearly established, and we therefore think that the case should be affirmed, and it is accordingly affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., disqualified. RILEY, J., absent.